2010-42506 / Court: 125

Filed 10 July 12 P12:20
Loren Jackson - District Clerk
Harris County
ED101J015861024
By: Sharon Carlton

CAUSE NO. _____

| | | |
|---|---|---|
| KEITH MITCHELL D/B/A CHRISTIAN SOUL FOOD, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| WESTERN HERITAGE INSURANCE COMPANY, | § § § | |
| Defendant. | § | ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Keith Mitchell d/b/a Christian Soul Food ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Western Heritage Insurance Company ("Western Heritage" or "Defendant"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.


EXHIBIT A

## PARTIES

2. Plaintiff Keith Mitchell is an individual residing in Harris County, Texas. Christian Soul Food is a Texas Limited Partnership with its principle place of business in Harris County, Texas.

3. Defendant Western Heritage is an insurance company incorporated in and having its principal place of business outside the State of Texas. Western Heritage at all times material to this action, has engaged in the business of insurance in Texas, as more particularly described below. Western Heritage does not maintain a place of regular business in Texas and has no designated agent in Texas on whom service of citation may be made in this cause. The cause of action arises out of this defendant's business activities in the state of Texas. Accordingly, this Defendant may be cited by serving the Texas State Insurance Commissioner by certified mail, return receipt requested, at P. O. Box 149104, Austin, Texas 78714-9104. The mailing address and/or principal place of business for service of process is P.O. Box 5100, Scotssdale, AZ 85261.

## JURISDICTION

4. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendant Western Heritage because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

6. Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7. Plaintiff is the owner of a commercial business policy (hereinafter referred to as "the Policy"), which was issued by Western Heritage.

8. Plaintiff owns the insured property, which is specifically located at 3075 Gears Road, Houston, Texas 77067, in Harris County (hereinafter referred to as "the Property").

9. Western Heritage sold the Policy insuring the Property to Plaintiff.

10. On or about September 12, 2008, in the late evening going into the early morning hours of September 13, 2008, Hurricane Ike struck Harris County, Texas, causing severe damage to homes and businesses throughout the gulf-coast region of Texas, including Plaintiff's business. The roof of the Property sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire building including, but not limited to, the business's ceilings, walls, flooring and carpet. Furthermore, Plaintiff sustained significant damage to equipment and contents within the building. The air conditioning unit was also damaged. Immediately after the storm, Plaintiff filed a claim with his insurance company, Western Heritage, for the damages to his business caused by Hurricane Ike.

11. Plaintiff submitted a claim to Western Heritage against the Policy for contents damage, roof damage, water damage and wind damage the Property sustained as a result of Hurricane Ike.

12. Western Heritage assigned an adjuster to inspect Plaintiff's damages. The adjuster never provided Plaintiff with a written assessment of the damages.

13. Plaintiff asked that Western Heritage cover the cost of repairs to the Property pursuant to the Policy.

14. As detailed in the paragraphs below, Western Heritage wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Western Heritage underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

15. To date, Western Heritage continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to his business.

16. Defendant Western Heritage failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Western Heritage's conduct constitutes a breach of the insurance contract between Western Heritage and Plaintiff.

17. Defendant Western Heritage misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant Western Heritage's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant Western Heritage failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Western Heritage's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19. Defendant Western Heritage failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Western Heritage failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant Western Heritage did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Western Heritage's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant Western Heritage failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Western Heritage. Defendant Western Heritage's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

21. Defendant Western Heritage refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Western Heritage failed to conduct a reasonable investigation. Specifically, Defendant Western Heritage performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Western Heritage's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

22. Defendant Western Heritage failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Western Heritage's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

23. Defendant Western Heritage failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Western Heritage's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

24. Defendant Western Heritage failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Western Heritage's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

25. From and after the time Plaintiff's claim was presented to Defendant Western Heritage, the liability of Western Heritage to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Western Heritage has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Western Heritage's conduct constitutes a breach of the common law duty of good faith and fair dealing.

26. Defendant Western Heritage knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

27. As a result of Defendant Western Heritage's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

28. Plaintiff's experience is not an isolated case. The acts and omissions Western Heritage committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Western Heritage with regard to handling these types of claims. Western Heritage's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST WESTERN HERITAGE

29. Defendant Western Heritage is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

30. Defendant Western Heritage's conduct constitutes a breach of the insurance contract made between Western Heritage and Plaintiff.

31. Defendant Western Heritage's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Western Heritage's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. Defendant Western Heritage's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33. Defendant Western Heritage's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34. Defendant Western Heritage's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Western Heritage's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35. Defendant Western Heritage's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Defendant Western Heritage's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

37. Defendant Western Heritage's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

38. Defendant Western Heritage's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

39. Defendant Western Heritage's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

40. Defendant Western Heritage's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

41. Defendant Western Heritage's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

42. Defendant Western Heritage's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

Page 9

43. Defendant Western Heritage's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Western Heritage knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### FRAUD

44. Defendant Western Heritage is liable to Plaintiff for common law fraud.

45. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendant Western Heritage knew were false or made recklessly without any knowledge of their truth as a positive assertion.

46. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### KNOWLEDGE

47. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

48. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

49. As previously mentioned, the damages caused by Hurricane Ike have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct

result of Defendant Western Heritage's mishandling of Plaintiff's claim in violation of the laws set forth above.

50. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claim, together with attorney's fees.

51. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

52. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

53. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

54. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

55. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of

Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

56. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

57. *Plaintiff's Request for Disclosure to Defendant Western Heritage Insurance Company* is attached as "Exhibit A."

### REQUESTS FOR PRODUCTION

58. *Plaintiff's Request for Production to Defendant Western Heritage Insurance Company* is attached as "Exhibit B."

### INTERROGATORIES

59. *Plaintiff's First Set of Interrogatories to Defendant Western Heritage Insurance Company* is attached as "Exhibit C."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and postjudgment interest as allowed by

law, and for any other and further relief, either at law or in equity, to which he may show himself justly entitled.

                Respectfully submitted,

                THE MOSTYN LAW FIRM

                */s/ Hilary G. Reagin*
                Hilary G. Reagin
                State Bar No. 24012704
                3810 West Alabama
                Houston, TX 77027
                (713) 861-6616 (Office)
                (713) 861-8084 (Facsimile)

                **ATTORNEY FOR PLAINTIFF**

Certified Document Number: 45787573 - Page 13 of 13



I, Loren Jackson, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date
Witness my official hand and seal of office
this _____ November 15, 2010 _____

Certified Document Number:  __45787573__ (Total Pages 13)

LOREN JACKSON, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com